IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JASON CROFFORD, § | |
|     Plaintiff, § | |
| § | |
| v. § | Case No. 5:17-CV-00209-OLG |
| § | |
| UNITED STATES POSTAL SERVICE § | |
|     Defendant. § | |

**DEFENDANT'S MOTION TO DISMISS UNITED STATES POSTAL SERVICE**

The named Defendant, United States Postal Service, in accordance with *Rule 12(b)(1) of the Federal Rules of Civil Procedure* moves the court to dismiss the Plaintiff's original complaint (Doc. No. 1). The court is referred to the following discussion for grounds in support of their motion.

### I. BACKGROUND

1. On February 8, 2016, a vehicular accident took place on a highway/road where a United States Postal Service/Station is located in Canyon Lake, Texas. The United States Postal Service employee, Flyner Alik, driving a United States Postal Service truck was in the process of trying to deliver a truck mail shipment when the plaintiff, Jason Crofford, driving his vehicle collided with the United States Postal vehicle.

2. On or about May 16, 2016, the United States Postal Service received an administrative claim made regarding this vehicular accident by Jason Crofford.

3. On March 16, 2017, Jason Crofford filed his Plaintiff's Original Complaint (Doc. No. 1) against the named defendant, United States Postal Service. The federal lawsuit claims under its jurisdiction and venue sub-heading on page 1 in part that this

lawsuit arises under the Federal Tort Claims Act ("FTCA"). The complaint reads: "(t)his Court has jurisdiction over the lawsuit under 28 U.S.C. § 1331 because this lawsuit arises under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)." (Doc. No. 1, 'JURISDICTION AND VENUE').

4. Plaintiff's FTCA lawsuit generally alleges common law negligence arising from acts or omissions by a United States Postal Service (USPS) employee, who was acting in the course and scope of his employment, while driving a USPS vehicle in Canyon Lake, Texas. Plaintiff seeks tort damages arising from this collision.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge the subject matter jurisdiction of the district court to hear a case. See Fed. R. Civ. P. 12(b)(1). In ruling on a motion to dismiss for lack of subject matter jurisdiction, courts may evaluate: (1) the complaint alone; (2) the complaint supplemented by undisputed facts contained in the record; or (3) the undisputed facts plus the court's resolution of disputed facts. *See Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F. 3d 420, 424 (5th Cir. 2001) (*citing Barrera – Montenegro v. United States*, 74 F. 3d 657, 659 (5th Cir. 1996)). A court must accept all factual allegations in the Plaintiff's complaint as true. *Id.* The burden of establishing subject matter jurisdiction in federal court is on the party seeking to invoke it. *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F. 3d 908, 910 (5th Cir. 2002). Accordingly, Plaintiff must prove that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F. 2d 507, 511 (5th Cir. 1980). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Krim v. PCOrder.com, Inc.*, 402 F. 3d 489, 494 (5th Cir.

2005) (citations omitted). In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy, itself, that it has the power to hear the case" *Id.*

### III.   ARGUMENT AND AUTHORITIES

The Plaintiff's Original Complaint (Doc. No. 1) asserts negligence proximately caused damages to Jason Crofford in a vehicular accident that took place on a highway/road in Canyon Lake, Texas. The claim sounds in tort (i.e. negligence) and is therefore controlled by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671-2680. "Under the FTCA, the United States is liable for the negligence of its employees 'in the same manner and to the same extent as a private individual under like circumstances.'" *Crider v. United States*, 885 F. 2d 294, 296 (5th Cir. 1989) (*citing* U.S.C. § 2674). In determining whether a private person would be liable, the court must look to the law of the state where the act or omission occurred. 28 U.S.C. § 1346(b); *Crider*, 885 F. 2d at 296; *Rayonier, Inc. v. United States*, 352 U.S. 315, 77 S. Ct. 374, 376 (1957). In this case, Texas law applies since that is the state where the alleged tort occurred – Canyon Lake, Texas.

Generally, the United States enjoys sovereign immunity from suit unless it has specifically waived immunity. *Jeanmarie v. United States*, 242 F. 3d 600, 601 (5th Cir. 2001). The FTCA, provides for a waiver of the United States' immunity from suit for those claims regarding "injury or loss of property, or personal injury or death arising from the negligent act or omission of any employee of the Government while acting within the scope of his office or employment…." *Id.* at 601; 28 U.S.C. § 2679(b)(1). The FTCA is a limited waiver of the sovereign immunity of the United States government.

The Act itself is a grant of jurisdiction to the federal courts, reflecting the government's consent to be sued in certain situations. The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit. *Galvin v. Occupational Safety and Health Administration*, 860 F. 2d 181, 182, *note 2* (5th Cir. 1988); 28 U.S.C. § 1346(b).

It has been repeatedly decided that the United States, and not the responsible agency or employee, is the proper party defendant in a FTCA suit. *Id*. at 182. In a section entitled "United States as defendant," the FTCA vests the district courts with exclusive jurisdiction of civil actions on claims against the United States for money damages. The FTCA further states that any further statute authorizing a federal agency to sue and be sued in its own name does not authorize an action against the agency, which is cognizable under the FTCA. Instead, a suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the action of government agencies or employees. *Id*. at 182; 28 U.S.C. § 2679(a). As a result of the explicit statutory language, courts have consistently held that an agency or government employee cannot be sued *eo nominee* under the FTCA. *Id*. at 182. Thus, an FTCA claim against a federal agency or employee, as opposed to the United States itself, must be dismissed for want of jurisdiction. *Id*. at 182.

The Fifth Circuit is not alone in its position. Other circuits agree the United States is the only proper defendant under the FTCA. *See also, Smith v. United States*, 561 F. 3d 1090, 1099 (10th Cir. 2009) ("The United States is the only proper defendant in an FTCA action."); *Jackson v. Kotter*, 541 F. 3d 688, 693 (7th Cir. 2008) ("The only proper defendant in an FTCA actin is the United States."); *Roman v. Townsend*, 224 F. 3d 24, 27

4

(1st Cir. 2000) ("The FTCA requires that the named defendant in an FTCA action be the United States and only the United States."); *Allgeier v. United States*, 909 F. 2d 869, 871 (6th Cir. 1990) ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction."). Therefore, the United States Postal Service is an improper party defendant under the FTCA and should be dismissed with or without prejudice.

### IV.   CONCLUSION

For the reasons discussed above, the United States Postal Service, a federal agency, respectfully submits that this court is without subject matter jurisdiction as opposed to the United States itself, must be dismissed for the court is without subject matter jurisdiction. Thus, this lawsuit should be dismissed with or without prejudice as the court deems just.

Respectfully submitted,

**RICHARD L. DURBIN, JR.**
United States Attorney

By:   /s/   James F. Gilligan
JAMES F. GILLIGAN
Assistant United States Attorney
State Bar No. 07941200
601 N. W. Loop 410, Suite 600
San Antonio, TX 78216
Tele:  (210) 384-7345
Fax.  (210) 384-7312

Attorneys for Defendant
United States of America

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of June 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

William R. Hand
John W. Stevenson, Jr.
Stevenson & Murray, Attorneys at Law
24 Greenway Plaza, Suite 750
Houston, Texas 77046
Attorneys for Plaintiff

  /s/   James F. Gilligan
JAMES F. GILLIGAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JASON CROFFORD,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE<br>    Defendant. | §<br>§<br>§<br>§  Case No. 5:17-CV-00209-OLG<br>§<br>§<br>§ |

## **<u>PROPOSED ORDER</u>**

The federal defendant's motion to dismiss is granted. This lawsuit is therefore dismissed (with or without prejudice).

Signed on _____, 2017, at San Antonio, Texas.

_____
ORLANDO L. GARCIA
Chief Judge